BRUMLEY, ADMR., Appellant,

v.

ADAMS COUNTY HOSPITAL, Appellee.

[Cite as *Brumley v. Adams Cty. Hosp.* (1991), 72 Ohio App.3d 614.]

Court of Appeals of Ohio,
Adams County.

No. CA–514.

Decided Feb. 25, 1991.

*N. Gerald DiCuccio,* for appellant.

*James L. Mann,* for appellee.

WOLFF, Judge.

■ The narrow question presented in this case is whether, consistent with R.C. 1343.03(C), an award of prejudgment interest can be computed from a date more recent than the date upon which the cause of action accrued.

Because we conclude that the answer to this question is "no," we reverse the judgment from which this appeal is taken to the extent that it denied prejudgment interest from the date the cause of action accrued.

This case originated May 3, 1985, with the filing of a complaint by Jack D. Brumley against the Adams County Hospital and others alleging negligent treatment on five occasions during the latter part of 1984, the last occasion being October 3, 1984. Brumley died May 22, 1985, and an amended complaint was filed July 22, 1985, by the administrator of Brumley's estate, advancing survivorship and wrongful death claims.

The claims were tried to a jury in April 1990. A plaintiff's verdict of $125,000 was returned on the survivorship claim, and a defense verdict was returned on the wrongful death claim. Judgment was entered for plaintiff on the survivorship claim in the amount of $125,000, but was later reduced to $115,000 on motion by the hospital. Plaintiff moved for prejudgment interest, and the trial court conducted an evidentiary hearing on the motion July 20, 1990. By judgment entry of that same date, prejudgment interest was ordered on $115,000 from December 27, 1989.

Plaintiff timely appealed from the July 20, 1990 judgment, asserting two assignments of error:

"I. The trial court erred in failing to accurately interpret and apply Ohio Revised Code Section 1343.03(C) to the case at hand.

"II. The trial court erred when it refused to award prejudgment interest to plaintiff from the date the cause of action accrued, October 5, 1984, to the date on which the money was paid."

The hospital has neither cross-appealed nor advanced an assignment of error, pursuant to R.C. 2505.22, to prevent reversal.

R.C. 1343.03(C) provides as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed *from the date the cause of action accrued* to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that *the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.*" (Emphasis ours.)

The gist of plaintiff-appellant's two assignments of error, which we consider together, is that where prejudgment interest is awarded, it must be computed

from the date the cause of action accrued, and not from a more recent date, as is the case here.

■ From its remarks from the bench after the hearing, the trial court appears to have found that there were no serious settlement negotiations until December 27, 1989, but that on that date, counsel for the hospital stated that he evaluated the case at $125,000–$150,000, that plaintiff's counsel stated the case could be settled in that range, but that thereafter the hospital never made any offer to settle the case.

It was the lack of serious settlement discussions prior to December 27, 1989, that appears to be the trial court's primary reason for awarding prejudgment interest only from that date.

The hospital contends that because much of the delay in bringing the case to trial, and in entering into serious settlement discussions, was attributable to plaintiff, the trial court did not err in ordering prejudgment interest from a more recent date than the date that the cause of action accrued.

Indeed, the hospital further contends that no prejudgment interest should have been awarded because it entertained a good faith belief that it was not liable. We decline to consider this latter contention in the absence of a cross-appeal or an assignment of error, pursuant to R.C. 2505.22, to prevent reversal. Furthermore, we are satisfied from our review of the record that the evidence supports the trial court's determination that prejudgment interest was appropriate.

Whatever the equitable appeal of the trial court's ordering interest from a more recent date than that upon which the cause of action accrued, the plain language of R.C. 1343.03(C) allows no room for equitable adjustment.

Furthermore, strict compliance with the statute in computing interest does not strike us as unfair to the hospital. The trial court found that plaintiff was willing to settle in the $125,000–$150,000 range, that the hospital evaluated the case in that range, but that the hospital never made any offer. All that the statute required of the hospital was "a good faith effort to settle." It made none. As the trial court observed: "You [plaintiff] can't very well accept something that's not an offer." The hospital wasn't required to settle the case to avoid prejudgment interest, but merely to make a genuine effort to do so. Having failed to do so, there is no unfairness, given the clear command of R.C. 1343.03(C), in its being required to forfeit the benefit it has derived from the use of the $115,000 awarded to plaintiff since the date the cause of action accrued.

It cannot be said that the delay, whoever may be to blame, operated to the unfair detriment of the hospital. Where "the party required to pay the money

fail[s] to make a good faith effort to settle," he will be liable for prejudgment interest regardless of the length of time the case is pending before trial. Under the statutory scheme, the penalty is "delay neutral" because prejudgment interest is directly proportional to the length of time the "party required to pay" has had the use of the money eventually awarded to the party entitled to payment.

The assignments of error are sustained.

The judgment, as it denies prejudgment interest prior to December 27, 1989, will be reversed. This case will be remanded for computation of interest from the date the cause of action accrued.

*Judgment reversed.*

STEPHENSON, P.J., and GRAY, J., concur.

WILLIAM H. WOLFF, JR., of the Second Appellate District, sitting by assignment.