OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Musisca, a Minor, et al., Appellants, v. Massillon Community Hospital, Appellee.
[Cite as Musisca v. Massillon Community Hosp. (1994),     Ohio St.3d   .]
Prejudgment interest -- R.C. 1343.03(C), construed and applied.
- - -
The provision of R.C. 1343.03(C) that a prejudgment interest award begins to run on the date the cause of action accrued is mandatory; a trial court may not adjust the date the award begins to run for equitable reasons.
- - -
(No. 93-1541 -- Submitted May 10, 1994 -- Decided July 27, 1994.)

Certified by the Court of Appeals for Stark County, No. CA-9123.

This case concerns the application of Ohio's prejudgment interest statute, R.C. 1343.03(C).

Marissa Musisca was born on June 24, 1982 at defendant-appellee, Massillon Community Hospital ("the hospital"). On January 28, 1991, Marissa, through her parents, Richard L. and Rita A. Musisca, appellants, brought a medical malpractice claim against the hospital. After the jury returned a verdict in favor of appellants, the trial court ultimately entered judgment for $1,100,000 against appellee. The propriety of that judgment is not a subject of this appeal.

Appellants then filed a motion in the trial court, seeking prejudgment interest under R.C. 1343.03(C). Following a hearing, the trial court determined that appellee failed to make a good faith effort to settle the case, and that appellants did not fail to make a good faith effort to settle. The trial court awarded appellants interest "at ten percent (10%) per annum on One Million One Hundred Thousand Dollars from June 24, 1982."

The court of appeals, after upholding the jury verdict against appellee, then considered the trial court's decision to award prejudgment interest. The court of appeals determined that the trial court did not abuse its discretion by deciding to award prejudgment interest. However, the court of appeals reversed as to the amount of prejudgment interest awarded, finding it inequitable to allow prejudgment interest from the date of Marissa's birth, and instead ordered prejudgment interest to run from January 28, 1991, the date appellants' complaint was filed. In its order granting

appellants' motion to certify a conflict to this court, the court of appeals noted that, for equitable reasons, it chose to not apply literally the language of R.C. 1343.03(C), which reads that prejudgment interest "shall be computed from the date the cause of action accrued ***."

Finding its judgment to be in conflict with the decision of the Court of Appeals for Adams County in Brumley v. Adams Cty. Hosp. (1991), 72 Ohio App.3d 614, 595 N.E.2d 948, which held that "the plain language of R.C. 1343.03(C) allows no room for equitable adjustment" (see 72 Ohio App.3d at 616, 595 N.E.2d at 949), the court of appeals certified the record of the case to this court for review and final determination.

Spangenberg, Shibley, Traci, Lancione & Liber, Ellen Simon Sacks and Dennis R. Lansdowne, for appellants.
Buckingham, Doolittle & Burroughs, John P. Van Abel and Patricia P. Minkler, for appellee.

Alice Robie Resnick, J.  R.C. 1343.03(C) provides:
"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

Before we consider the sole issue presented by this case, we explain why several issues appellee attempts to raise are not properly before us.  This case is not about the standards to be applied in awarding prejudgment interest, which are discussed at length in Moskovitz v. Mt. Sinai Med. Ctr. (1994),    Ohio St.3d   ,    N.E.2d   .  Appellee argues that the trial court erred in awarding prejudgment interest in this case pursuant to R.C. 1343.03(C).  However, the certified issue concerns the time when the award of interest should begin to run, not the propriety of the award itself.  As appellee did not appeal the court of appeals' determination that the trial court acted within its discretion in awarding prejudgment interest, we do not review that specific issue, but accept it as given that the trial court did not err in deciding to award prejudgment interest.

This case is not about when a cause of action accrues for R.C. 1343.03(C) purposes.  Although appellee argues now that appellants' cause of action accrued at some later date than Marissa's birth, appellee has not preserved that issue for our review.  By awarding prejudgment interest from Marissa's birth pursuant to R.C. 1343.03(C), the trial judge necessarily determined that the cause of action accrued at that time.  The court of appeals made clear in its certification order that it believed it was unfair to run the award of interest from a time prior to the filing of the complaint; the court of appeals never considered whether the cause of action accrued at some time other than at Marissa's birth.  Since appellee did not raise the issue of some other accrual date in the court of appeals, arguing there instead that the amount of prejudgment interest was manifestly unfair (apparently conceding that the cause of action accrued at Marissa's birth), it has been conclusively

determined that appellants' cause of action accrued when Marissa was born.  For that reason, appellee's argument that the date a cause of action accrues for R.C. 1343.03(C) purposes should be subject to a discovery rule in much the same way that the accrual of a medical malpractice plaintiff's cause of action is subject to a discovery rule (see Hershberger v. Akron City Hosp. [1987], 34 Ohio St.3d 1, 516 N.E.2d 204, paragraph one of the syllabus; Frysinger v. Leech [1987], 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph one of the syllabus) is directed to an issue beyond the scope of this appeal.

The singular issue presented by this case, as certified by the court of appeals, is whether a trial court, for equitable reasons, may apply some date other than the date the cause of action accrued for beginning the period for which prejudgment interest is awarded pursuant to R.C. 1343.03(C).  The court of appeals found that the statutory provision of R.C. 1343.03(C) that interest "shall be computed from the date the cause of action accrued" is subject to equitable adjustment in the appropriate case, and found further that the trial court abused its discretion in not adjusting the prejudgment interest award to begin to run on the date the complaint was filed, rather than on the date the cause of action accrued.

As we specifically noted in Moskovitz,     Ohio St.3d at    ,     N.E.2d at    , "[R.C. 1343.03(C)] uses the word 'shall.' Therefore, if a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary.  What is discretionary with the trial court is the determination of lack of good faith."  Similarly, because the statute uses the word "shall," we find that the decision as to when the award of prejudgment interest should begin to run is not discretionary.  Prejudgment interest, if awarded, must be calculated from the date the cause of action accrued.  We hold that the provision of R.C. 1343.03(C) that a prejudgment interest award begins to run on the date the cause of action accrued is mandatory; a trial court may not adjust the date the award begins to run for equitable reasons.  We thus agree with the holding of Brumley, 72 Ohio App.3d at 616, 595 N.E.2d at 949, that "the plain language of R.C. 1343.03(C) allows no room for equitable adjustment."

R.C. 1343.03(C) "was enacted to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting."  Kalain v. Smith (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 202, 495 N.E.2d 572, 574.  See, also, Moskovitz,     Ohio St.3d at    ,     N.E.2d at    ; Peyko v. Frederick (1986), 25 Ohio St.3d 164, 167, 25 OBR 207, 209, 495 N.E.2d 918, 921.  In addition to promoting settlement, R.C. 1343.03(C), like any statute awarding interest, has the additional purpose of compensating a plaintiff for the defendant's use of money which rightfully belonged to the plaintiff.  See West Virginia v. United States (1987), 479 U.S. 305, 309-310, 107 S.Ct. 702, 706, 93 L.Ed.2d 639, 646, fn. 2.  The statute requires that the interest award begins to run when the cause of action accrued because the accrual date is when the event giving rise to plaintiff's right to the wrongdoer's money occurred. To allow a trial court to equitably adjust the date the interest begins to run would ignore the compensatory purpose behind the statute.  As the Brumley court stated:  "The [defendant was not] required to settle the case to avoid prejudgment interest, but merely to make a genuine effort to do so.  Having failed to do so,

there is no unfairness, given the clear command of R.C. 1343.03(C), in its being required to forfeit the benefit it has derived from the use of the [money] awarded to plaintiff since the date the cause of action accrued."  72 Ohio App.3d at 616, 595 N.E.2d at 949-950.

As a final note, in Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87-88, 19 OBR 123, 127, 482 N.E.2d 1248, 1252, this court held that prejudgment interest may not be awarded prior to the effective date of R.C. 1343.03(C), which was July 5, 1982.  The trial court awarded prejudgment interest from Marissa's date of birth, June 24, 1982.  Since that date is before the effective date of the statute, we follow Huffman and remand this cause to the trial court to compute prejudgment interest from July 5, 1982.  In all other respects, we reinstate the judgment of the trial court, and reverse the judgment of the court of appeals.

Judgment reversed<br>and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.