JOURNAL ENTRY AND OPINION
Defendant-appellant Patrick Del Vecchio appeals from the trial court order that granted the motion for prejudgment interest filed by plaintifs-appellees Shirley and Kenneth Bisler in this personal injury action resulting from an automobile accident.
The record reflects appellees instituted this case as a result of a motor vehicle accident which occurred on a "sunny" day in late December, 1994. Appellees filed the case just prior to the expiration of the statute of limitations, viz., December 23, 1996.[1]
The complaint alleged appellant's car went left of center and struck appellee Shirley Bisler's car, causing her physical injuries and loss of her consortium to appellee Kenneth Bisler. Subsequent evidentiary materials filed in the trial court substantiated the relevant allegations of the complaint, and further indicated appellant received a traffic citation for the incident; however, in his answer, appellant denied he was at fault.
The trial court instituted a case management schedule, which ordered a discovery cut-off date of August 24, 1997, required appellants' expert reports to be submitted by that date, and required dispositive motions to be filed by October 24, 1997.
The record reflects appellees deposed appellant on May 20, 1997, at which time they became aware that appellant was asserting he may have "blacked out" just prior to the accident. When appellees attempted to obtain appellant's medical records, however, they were informed that he had "refused." Appellees thus filed a motion to compel discovery on June 17, 1997. Over one month later, the trial court granted appellees' motion.
Subsequently, on September 3, 1997, appellees filed a motion for summary judgment, attaching thereto a copy of appellant's deposition testimony along with appellee Shirley Bisler's affidavit. In their motion, appellees argued the evidence demonstrated appellant was negligent and that his negligence was the proximate cause of appellees' injuries. Appellant disputed the motion, arguing his deposition testimony indicated an issue of fact existed concerning whether his car had malfunctioned, thus being the actual proximate cause of the accident. The trial court denied appellees' motion.
The case proceeded to trial; numerous subpoenas were filed. Although the case was re-assigned to a visiting judge, trial proceeded almost as originally scheduled; only two additional days were necessary to accommodate this change. However, appellant waited until the day of trial to stipulate to liability for the accident. Moreover, the record reflects appellant made no offer of settlement to appellees until January 6, 1998, approximately a month before the scheduled date of trial. Appellant made an offer of $15,000, which appellees refused.
Trial of the case resulted in a jury verdict for only appellee Shirley Bisler in the amount of $20,000.00.[2] Appellees filed a motion for prejudgment interest. The trial court held a hearing on the motion. Although little was presented at the hearing other than the arguments of counsel, appellant did not object to this; he merely contended the record was insufficient to demonstrate an award of prejudgment interest was warranted. The trial court disagreed, granting appellees' motion without opinion.
It is from the foregoing order that appellant has filed his timely appeal.[3] Appellant's sole assignment of error follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PREJUDGMENT INTEREST TO THE PLAINTIFF.
When considering a trial court's decision on a motion for prejudgment interest, this court's duty is to determine whether the trial court abused its discretion. Kalain v. Smith (1986),25 Ohio St.3d 157.[4] If there is evidence in the record which supports the trial court's decision. therefore, it should be affirmed. See, e.g., Cox v. Fisher Fazio Foods, Inc. (1984),13 Ohio App.3d 336.
Applying the four-part test set forth in Kalain for evaluating whether a party had "failed to make a good faith effort to settle" under R.C. 1343.03(C), a review of the record supports the trial court's decision in this case.
Appellant did not "fully cooperate in discovery proceedings;" rather, appellees were forced to obtain a motion to compel discovery. Moreover, appellant obviously did not rationally evaluate his risks and potential liability, as can be gleaned from his deposition testimony, wherein he intimated both that he suffered from some organic disorder and that his car had some mechanical problem and, further, that either one or both of these factors may have precipitated the accident rather than his negligence. Appellant's efforts to prolong the litigation by taking the case all the way to trial, despite the lack of any evidence to support a defense to liability, were unnecessary. Finally, although the record reveals appellant must have been aware that he had no defense to liability for the accident as soon as discovery was concluded and apparently disputed only the extent of appellee Shirley's injuries, he made no settlement offers until approximately one month before trial commenced. Therefore, the trial court's decision does not lack a basis and is not an arbitrary one. Shimola v. Cleveland (1992), 89 Ohio App.3d 505;Detelich v. Gecik (1993), 90 Ohio App.3d 793;Cincinnati Ins. Co. v. Bellini (Dec. 30, 1991), Clermont App. No. CA91-05-034, unreported; Cf., Kalain v. Smith, supra;Patton v. Cleveland (1994), 95 Ohio App.3d 21.
Since a review of the record fails to demonstrate the trial court abused its discretion in granting appellees' motion for prejudgment interest, appellant's assignment of error is overruled.
The trial court's order is affirmed. This case is remanded for computation of the award to appellees of prejudgment interest. Musisca v. Massillon Community Hosp., supra.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. CONCURRING
TERRENCE O'DONNELL, J. DISSENTING (See attached opinion)
[1] "Apparently, a formal suit was required since appellees received no response after their attorneys notified appellant of their belief that his negligence was the cause of the accident.
[2] In reviewing appellant's assignment of error, this court notes that although he cites portions of the trial transcript in his "Statement of Facts" to illustrate certain "facts" he deems important, appellant did not include this material in the record on appeal as was his duty pursuant to App.R. 9(B). Thus, this court will not consider these "facts."
[3] Although the trial court's judgment entry in this case states merely: "Motion granted," in view of the self-executing nature of R.C. 1343.03(C), this court has determined the judgment entry is sufficient to constitute a final order. See, e.g.,Musisca v. Massillon Community Hosp. (1994), 69 Ohio St.3d 673;Shore v. Helfrich (June 12, 1992), Lucas App. No. L-91-173, unreported; cf., Grubbs v. Brown (June 24, 1991), Stark App. No. CA-8471, unreported.
[4] Appellant asserts the "burden of a party seeking prejudgment interest is heavy"; however, one of the cases upon which he relies to support his argument in this respect, viz.,Ware v. Ritchey (1983), 14 Ohio App.3d 3, was expressly disapproved by the supreme court in Kalain.