Plaintiff-appellant, Marcie L. Snyder, appeals a decision of the Clermont County Court of Common Pleas denying her motion for prejudgment interest following a jury verdict in her favor on a negligence claim. We affirm.
On August 3, 1990, appellant (age fourteen at the time) was a passenger in an automobile driven by defendant-appellee, Elizabeth A. Elliott. Appellee swerved into a ditch to avoid rear-ending another vehicle at a stop sign. Appellant sustained injuries to her face, requiring surgery. Appellant "allowed the claim to lay dormant until she turned eighteen so that the scarring on * * * her face could be treated to the maximum extent possible." Some of appellant's medical care was provided in Ohio and some in Pennsylvania. Appellant filed her claim against appellee and others on August 15, 1995. Following discovery, it was determined that appellee's primary insurance coverage limit was $1,000,000 and a potential underinsured motorist coverage carrier was dismissed from the action.[1]
Appellant's first written demand for $200,000 in settlement of the action was made on August 13, 1996. This demand was repeated on January 24, 1997 and April 25, 1997. The record does not reveal that any response was offered by appellee to these demands. However, a mediation conference occurred prior to August 22, 1997, during which discussion of possible settlement amounts occurred. Appellant did not provide appellee with complete documentation of all of her medical bills; due to the passage of time certain hospital bills were apparently unavailable.
Although liability was not contested, appellee made no written offer to settle the case until March 6, 1998, the Friday before the scheduled trial. Appellant rejected appellee's offer of $75,000 and a jury trial was held on March 9, 1998. The jury returned a verdict in the amount of $68,089. Following the verdict, appellant's new trial motion and motion for prejudgment interest were denied.
Appellant has raised one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST
Appellant argues that because liability was uncontested and no formal settlement offer was made until just prior to trial, she was entitled to prejudgment interest pursuant to R.C. 1343.03(C) which provides:
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
The statute was enacted "to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting." Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,657. The statute has four requirements. The party seeking such interest must petition the court, the court must hold a hearing, the court must find that the party required to pay the judgment failed to make a good faith effort to settle, and the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Id. at 658. Because the statute uses the word "shall" if these four requirements are met, the decision to allow or not allow prejudgment interest is not discretionary. Id. However, what is discretionary with the trial court is the determination of lack of good faith. Id.
In Kalain v. Smith (1986), 25 Ohio St.3d 157, 159, the Ohio Supreme Court construed the phrase "failed to make a good faith effort to settle" as follows:
 A party has not "failed to make a good faith effort" to settle under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
In Moskovitz v. Mt. Sinai Hospital Med. Ctr., the court provided further guidance by explicitly holding that "`failed to make a good faith effort to settle' does not mean the same as `bad faith.'" The court has also held that evidence concerning settlement negotiations should be liberally discoverable for the prejudgment interest hearing and that it is:
 Incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Other factors would include responses — or lack thereof — and a demand substantiated by facts and figures. * * * These factors, and others, where appropriate, should also be considered by a trial court in making a prejudgment interest determination. (Emphasis added.)
Id. at 659.
A trial court is not free to adjust the effective date for computation of any award for equitable purposes. Musisca v.Massillon Comm. Hosp. (1994), 69 Ohio St.3d 673. Where the party required to pay the money fails to make a good faith effort to settle, he will be liable for prejudgment interest regardless of the length of time the case is pending before trial. Id.
Our standard of review on appeal is abuse of discretion.Moskovitz, 69 Ohio St.3d at 658. This court has explicitly stated that "the decision of whether prejudgment interest is warranted lies within the discretion of the trial court on a case-by-case basis." Beckworth v. Niemes (Apr. 13, 1992), Clermont App. No. CA91-03-018, unreported. In reaching a decision concerning prejudgment interest, the trial court must evaluate the case in light of the elements set forth in Kalain and there is no specific monetary threshold that either mandates or prevents the awarding of prejudgment interest. Id.
Here, the trial court set out the Kalain standard and then stated that "reviewing the pretrial actions of the parties with regard to settling this cause of action, the Court finds that both sides made good faith efforts to resolve the case." The trial court did not specifically address the four prongs of the Kalain
standard and provided no specific finding as to whether appellee made a good faith monetary settlement offer or responded in good faith to an offer from appellant.
The evidence shows that appellant made several formal written demands without response from appellee and that appellee made only one formal offer of $75,000 on the eve of trial. A decision to award prejudgment interest would not have been an abuse of discretion. However, we find that the trial court's decision not to award interest was also within its discretion. During the hearing on the motion for prejudgment interest, the parties discussed the settlement efforts which had been undertaken. The court indicated familiarity with the history of the litigation and the mediation efforts. Although not controlling, the missing documentation for certain medical expenses was a factor the court could consider under the factors set forth in Moskowitz. Under these circumstances, the trial court's decision was not so unconscionable and unreasonable as to constitute an abuse of discretion. See Ziegler v. Wendel Poultry Serv., Inc. (1993),67 Ohio St.3d 10, 13, citing Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219. Therefore, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., concurs.
VALEN, J., dissents.
[1] Appellee's parents were also voluntarily dismissed.