OPINION
Plaintiff-appellant Douglas M. Hart, Administrator for the Estate of Douglas C. Hart, Deceased, appeals the October 1, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas which awarded him prejudgment interest to run for six months. Defendant-appellee/cross-appellant is American Guarantee and Liability Insurance Company.
 STATEMENT OF THE CASE AND FACTS
This action arises out of the injury and death of appellant's decedent. The decedent had been employed as a refuse worker for JJ Refuse of Dover, Ohio. On December 16, 1999, the decedent was loading refuse into a garbage truck in Carrollton, Ohio, when an underinsured motorist negligently collided with the rear of the truck, smashing the decedent between the vehicles. The decedent succumbed to his injuries and died on December 26, 1999.
The decedent's father, appellant, was appointed administrator of the estate. On January 27, 2000, the tortfeasor's liability insurer, Progressive Insurance Company, made a written offer to appellant of its $12,500 per person limit, thereby exhausting the limits of the liability policy.
Appellee insured JJ Refuse. Appellee's policy provided underinsured motorist coverage of $1,000,000 per accident. Pursuant to appellee's policy, the decedent was an insured person.
On February 20, 2001, appellee offered appellant the full limits of its underinsured motorist coverage. On February 23, 2001, appellant made a written demand for statutory interest on the underinsured motorist settlement, pursuant to R.C. 1343.03(A). On March 2, 2001, appellee refused to pay any interest. On March 12, 2001, appellant filed a Declaratory Judgment action requesting a declaration appellant was entitled to interest from January 27, 2000, the date on which the tortfeasor's policy limits had been exhausted.
The parties filed cross-motions for summary judgment. In an October 1, 2001 Judgment Entry, the trial court granted appellant's motion for summary judgment and found appellant was entitled to interest from the date of the exhaustion of the tortfeasor's liability policy. However, the trial court agreed with appellee the delay in making payment was not attributable to the appellee. Therefore, the trial court ordered interest only for a period of six months after the date of exhaustion. Accordingly, the trial court entered judgment in favor of appellant in the amount of $49,375.
It is from this judgment entry both appellant and appellee prosecute their appeals, assigning the following errors for our review:
Appellant assigns one error:
 THE TRIAL COURT'S ORDER IS CONTRARY TO LAW BECAUSE IT ERRONEOUSLY AND ARBITRARILY TERMINATES THE RUNNING OF INTEREST MANDATED BY R.C. 1343.03(A).
Appellee/cross-appellant also assigns one error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS APPELLANT WAS NOT ENTITLED TO INTEREST AS A MATTER OF LAW PRIOR TO FURNISHING APPELLEE WITH A COPY OF THE CLAIMS PACKAGE.
 Appellee/Cross-Appellant
In appellee/cross-appellant's sole assignment of error, it maintains the trial court erred in choosing the date of the exhaustion of the tortfeasor's liability limits as the triggering date for the application of interest on the settlement pursuant to R.C. 1343.03(A). We disagree.
An appellate court's review of a trial court's award of prejudgment interest is governed by an abuse of discretion standard. Landis v. GrangeMut. Ins. Co. (1998), 82 Ohio St.3d 339. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In Landis, supra, the Ohio Supreme Court stated:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A), the amount of prejudgment interest due Landis and enter an appropriate order.
 Norton v. Allstate Ins. Co. Excerpt from: 2001 WL 300631, *1 (Ohio App. 5 Dist.)
In its October 1, 2001 Judgment Entry, the trial court concluded interest should run on the settlement from the date of the exhaustion of the underlying tortfeasor's insurance policy. In making this determination, the trial court noted R.C. 1343.03(A) required appellee to pay interest from the time the money became due and payable upon any instrument of writing.
Appellee/cross-appellant's insurance policy provides, in relevant part:
A. Coverage
* * *
 2. We will pay under this coverage only if a. or b. below applies:
 a. The limits of any applicable liability bonds or policies have been exhausted by judgments or payments.
 * * *
We cannot find the trial court abused its discretion in choosing the date of exhaustion of the underlying tortfeasor's liability policy where such decision was supported both by the applicable case law and by the language of appellee/cross-appellant's own insurance policy. See, Boganv. Progressive Casualty Ins. Co. (1988), 36 Ohio St.3d 22, para. 2 of the syllabus; Ickes v. CNA Insurance (May 6, 2002), Stark App. No. 2001CA00241.Accordingly, appellee/cross-appellant's sole assignment of error is overruled. That portion of the trial court's October 1, 2001 Judgment Entry is affirmed.
 Appellant I
In appellant's sole assignment of error, he maintains the trial court erred in arbitrarily terminating the running of interest as mandated by R.C. 1343.03(A). We agree.
R.C. 1343.03(A) governs a trial court's award of interest on a written instrument. The statute states, in relevant part:
 (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any * * * instrument of writing, * * * for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *
The statute simply states the creditor is entitled to interest at the rate of 10% per annum when money becomes "due and payable." The statute does not authorize the trial court to terminate, arbitrarily or otherwise, the running of interest after making a determination of the date interest becomes due and payable. This conclusion supported by the public policy reasons behind the award of interest.:
 In Musisca v. Massillon Community Hosp. (1994), 69 Ohio St.3d 673, 676, 635 N.E.2d 358, a case involving the issue of when the right to prejudgment interest accrues, we stated that "any statute awarding interest has the * * * purpose of compensating a plaintiff for the defendant's use of money which rightfully belonged to the plaintiff." (Emphasis added.) Therefore, the entitlement to interest, whether it be prejudgment interest, postjudgment interest, or postsettlement interest, "'is allowed, not only on account of the loss which a creditor may be supposed to have sustained by being deprived of the use of his money, but on account of the gain being made from its use by the debtor.'" (Emphasis added). Hartmann v. Duffey, infra at paragraph 12, quoting Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140, quoting Hogg v. Zanesville Canal Mfg. Co. (1832), 5 Ohio 410, 424, 1832 WL 26.
The matter is clearly addressed by the Ohio Supreme Court Hartmann v.Duffey (2002), 95 Ohio St.3d 456, wherein the High Court addressed the application of R.C. 1343.03(A) to a settlement between the parties.[1]
In Hartmann, the Plaintiff brought a medical malpractice action against a physician and a medical practice. Id. at 456. After a settlement was reached, the plaintiff moved to enforce interest on settlement. Id. In a split decision, this Court affirmed the trial court's denial of the plaintiff's motion to enforce interest on the settlement. Id. The Supreme Court reversed, holding (1) the plaintiff was entitled to interest on confidential settlement agreement that had not been reduced to judgment, and (2) interest accrued on date of settlement. Id. at syllabus.
In making it determination, the Supreme Court stated:
 At the point [money becomes due and payable], a * * * debt is created, and plaintiff becomes a creditor entitled to the * * * proceeds. Thus, the plaintiff is entitled to be compensated for the lapse of time between accrual of that right (the date of settlement) and payment.
(Emphasis added). Id. at paragraph 11.
Once the trial court determined appellant was entitled to the money from the a certain trigger date, appellant was entitled to interest from that date until the date of payment. Appellant's sole assignment of error is sustained.
The October 1, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed in part and affirmed in part. This matter is remanded to the trial court for calculation of the appropriate interest to run from the trigger date to the date such the amount was paid. Upon such calculation, the trial court is directed to enter judgment in favor of appellant for said amount.
By: HOFFMAN, P.J. BOGGINS, J. concur EDWARDS, J. concurs separately
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 1, 2001 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed in part and affirmed in part. This matter is remanded to the trial court for further proceedings consistent with law and this opinion. Costs assessed to appellee/cross-appellant.
[1] We note this case was decided June 12, 2002, after briefing and oral arguments by the parties.