OPINION
{¶ 1} Appellant Deborah Conkle appeals the decision of the Mount Vernon Municipal Court that issued a temporary protection order against her after she was charged with domestic violence. The following facts give rise to this appeal.
 {¶ 2} On the night of February 1, 2003, appellant returned to her residence where she lived with her boyfriend, Daniel Woodford, and three children. Appellant had not been home all day and arrived home intoxicated. Unbeknownst to Mr. Woodford, earlier in the evening, appellant had been involved in a traffic accident and had left the scene of the accident. According to Mr. Woodford, appellant was argumentative and violent upon her return to the residence. Mr. Woodford decided that he and the three children would leave the residence for their own safety. While the children were packing their belongings, appellant allegedly struck Mr. Woodford, in the back, and pushed him.
 {¶ 3} During this dispute, troopers from the Ohio State Highway Patrol arrived, at appellant's residence, in response to the earlier accident. The troopers observed appellant push Mr. Woodford. One of the troopers called the Knox County Sheriff's Department in reference to a possible domestic violence altercation. In response to the call, Deputy Huffman arrived on the scene and conducted an investigation. Thereafter, the deputy arrested appellant for domestic violence and Mr. Woodford filed a motion for temporary protection order.
 {¶ 4} Appellant appeared in court on February 4, 2003, for a hearing on the motion. Mr. Woodford was not present at this hearing. The prosecutor read the report and the deputy's narrative into the record. The prosecutor also read the victim's report into the record, over appellant's objection. The trial court granted Mr. Woodford's motion for temporary protection order.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. The court granted an order of protection pursuant to Ohio revised code 2919.25 by motion of the alleged victim, without the alleged victim attending the hearing on protective order, in violation of Ohio revised code 2919.26(C)(1).
 {¶ 7} "II. The court granted an order of protection pursuant to Ohio revised code 2919.25 after no evidence was properly admitted."
 I {¶ 8} In her First Assignment of Error, appellant claims the trial court erred when it granted the motion for temporary protection order because the victim, Mr. Woodford, failed to appear at the hearing as required by R.C. 2919.26(C)(1). We agree.
 {¶ 9} Appellant essentially argues, in this assignment of error, that because Mr. Woodford did not attend the hearing on the motion, as required by statute, the decision to grant the order of protection should be overturned. In support of this argument, appellant cites R.C.2919.26(C)(1), which provides, in pertinent part:
 {¶ 10} "(C)(1) As soon as possible after the filing of a motion that requests the issuance of a temporary protection order, but not later than twenty-four hours after the filing of the motion, the court shall conduct a hearing to determine whether to issue the order. The person who requested the order shall appear before the court and provide the court with the information that it requests concerning the basis of the motion. If the person who requested the order is unable to appear and if the court finds that the failure to appear is because of the person's hospitalization or medical condition resulting from the offense alleged in the complaint, another person who is able to provide the court with the information it requests may appear in lieu of the person who requested the order. * * *"
 {¶ 11} Appellant also cites to a decision rendered by the First District Court of Appeals in State v. Franklin (June 22, 2001), Hamilton App. No. C-000544. In Franklin, the court held that the defendant did not violate a temporary protection order because the order was invalid since the arresting officer, who had requested the temporary protection order, did not appear before the trial court for the required hearing, no other testimony was presented to the trial court, and the court did not conduct the required hearing. Id. at 7. Appellant argues, in the case sub judice, the victim did not appear for the hearing, as required by statute, and therefore, as in the Franklin case, the protection order is invalid.
 {¶ 12} The state responds by indicating the trial court relied upon Mr. Woodford's written statement that he was the victim of domestic violence and appellant had threatened the safety of his children. The trial court also relied upon the officer's narrative and report of the incident. The state maintains such evidence is not hearsay because the investigative report was used to provide information only and no determination was made, during the hearing, as to the truth of Mr. Woodford's statement.
 {¶ 13} Having reviewed the language of R.C. 2919.26(C)(1), we conclude Mr. Woodford was required to appear at the hearing on the motion for protection order. We reach this conclusion on the basis of the mandatory language which states that, "* * * [t]he person who requested the order shall appear before the court and provide the court with the information that it requests concerning the basis of the motion." In construing the language of the statutes in the Ohio Revised Code, the Ohio Supreme Court has consistently held that the term "shall" indicates a mandatory, as opposed to permissive or discretionary, obligation. See, e.g., Musisca v. Massillon Comm. Hosp., 69 Ohio St.3d 673, 676,1994-Ohio-451 and cases cited therein.
 {¶ 14} Thus, the obligation of the person who requested the protection order to appear at the hearing is mandatory unless, the person is unable to appear and the trial court finds that the failure to appear is because of the person's hospitalization or medical condition resulting from the offense alleged in the complaint. In that case, another person who is able to provide the court with the information it requests may appear in lieu of the person who requested the protection order. There is no evidence, in the record, that Mr. Woodford was unable to attend the hearing due to injuries he sustained from the offense alleged in the complaint.
 {¶ 15} Appellant's First Assignment of Error is sustained.
 {¶ 16} We will not address the merits of appellant's Second Assignment of Error as we find it moot based upon our disposition of appellant's First Assignment of Error.
 {¶ 17} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby reversed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
Topic: Presence of victim required at hearing for TPO.