JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Thomas A. Cobett, appeals the trial court granting plaintiffs, Mary and Wayne Cashin's, motion for prejudgment interest. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} This case arises out of a motor vehicle accident on August 10, 2000. Mary Cashin was injured when the car she was driving was rear-ended by a vehicle driven by defendant. She and her husband, Wayne, filed suit[1] against defendant in January 2001.[2] Defendant's insurance carrier, Allstate Insurance Company, retained an attorney, Scott Derkin, to represent him during the case. In October 2001, plaintiff voluntarily dismissed her complaint without prejudice.
 {¶ 3} On July 31, 2002, plaintiff re-filed her complaint.[3] On October 28, 2003, the day of trial, defendant offered $12,500 to settle the case. Plaintiff rejected the offer and the case proceeded to trial. The jury awarded plaintiff $150,000 in damages. Defendant did not appeal the jury's verdict.
 {¶ 4} On November 5, 2003, plaintiff filed her motion for prejudgment interest. On February 6, 2004, the court held a hearing on plaintiff's motion. Plaintiff's motion was granted and she was awarded prejudgment interest at a rate of ten percent (10%) per annum from the date of the accident on August 10, 2000. Defendant filed this timely appeal in which he asserts the following assignments of error:[4]
 {¶ 5} I. The trial court erred by awarding prejudgment interest from the date of the accident when plaintiff-appellee occasioned a delay in the proceedings by voluntarily dismissing the case and allowing said case to remain dormant for over nine months.
 {¶ 6} II. The trial court erred by awarding prejudgment interest in this matter as such an award is clearly not warranted under R.C. 1343.03(C).
 {¶ 7} Defendant argues the trial court erred in granting plaintiff's motion for prejudgment interest and erred in its calculation as to when that interest began to accrue.
 {¶ 8} On appeal, a trial court's decision to grant or deny a party's request for prejudgment interest is reviewed under an abuse of discretion standard, namely, whether the trial court acted unreasonably, arbitrarily, or unconscionably. Allgood v.Smith (April 20, 2000), Cuyahoga App. Nos. 76121 and 76122, citing Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,482 N.E.2d 1248. So long as there is some competent, credible evidence supporting the trial court's judgment, that judgment will not be disturbed on appeal. Id.
 {¶ 9} R.C. 1343.03(C) authorizes the award of prejudgment interest in civil cases alleging tortious conduct.[5] That section of the statute states as follows:
 {¶ 10} Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
 {¶ 11} In determining the question of prejudgment interest, Ohio courts follow the syllabus of Kalain v. Smith (1986),25 Ohio St.3d 157, 495 N.E.2d 572, in which the Ohio Supreme Court held:
 {¶ 12} A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party.
 {¶ 13} All parties are expected to make an honest effort to settle a case. Id. However, when a party has "a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Iammarino v. Maguire,
Cuyahoga App. No 80827, 2003-Ohio-2042, at ¶ 11.
 {¶ 14} At the hearing required by R.C. 1343.03(C), the moving party must present evidence that it made a reasonable settlement offer while the other party failed to make a good faith effort to settle the case. Kalain, supra. In considering whether the parties' efforts are reasonable, the trial court may take new evidence and review the evidence presented at trial, including its prior rulings and jury instructions. The trial court must consider all evidence "when considering such factors as the type of case, the injuries involved, applicable law, and the available defenses."
Galmish v. Cicchini, 90 Ohio St.3d 22, 34, 2000-Ohio-7,734 N.E.2d 782. During the prejudgment hearing in the case at bar, plaintiff submitted the deposition transcript of Allstate insurance adjuster Jimilee Singfield. In that deposition, the adjuster admits that between August and early October 2001, Allstate knew that plaintiff's medical expenses and other damages would probably exceed $100,000, the limit of defendant's policy. Allstate also knew that plaintiff had made a settlement demand in August 2001 for that $100,000 limit.[6]
 {¶ 15} On October 19, 2001, plaintiff voluntarily dismissed her
 {¶ 16} complaint because she was still treating. After plaintiff re-filed her complaint in July 2002, Allstate's adjuster contacted Derkin, defendant's attorney appointed by Allstate, and asked Derkin to forward plaintiff's medical information, which had been requested back in September 2001. The adjuster testified that it was the responsibility of Derkin to forward the information and when he failed to do so, she did nothing further on the file.
 {¶ 17} Five days before trial, Allstate had not made an offer to settle the case. The adjuster testified that when she spoke with Derkin on October 23rd, he admitted that he had the medical information she had been waiting for but had failed to forward it to her. The adjuster never received the information from Derkin. She further admitted that she had not been more proactive on the case because she felt it was Derkin's responsibility to provide her with information.
 {¶ 18} Plaintiff's counsel, Craig Bashein, testified at the hearing. Bashein described his continual efforts to settle the case long before trial. He described various conversations with Derkin in which he repeatedly asked what Allstate was doing about settling the case. Bashein testified that on each occasion, Derkin told him that Allstate was aware of the demand and was "still looking at it."
 {¶ 19} On October 26, 2003, the day before trial was scheduled to begin, Allstate had not made any offer of settlement so Bashein sent a letter to defense counsel. The contents of that letter included plaintiff's final demand for defendant's policy limits. Portions of that letter outlined counsel's rationale for making a $100,000 settlement demand for plaintiff:
With discovery having been completed, it is now obvious that my client, Mary Cashin, sustained significant and permanent injuries as a result of your client's negligence. As a result of Mr. Cobett's negligence, my client has incurred medical expenses of over Ten Thousand Dollars (10,000.00) and wage loss of over Sixty Thousand Dollars ($60,000.00).
The foregoing ought to make it clear that my client's injuries are reasonably valued in excess of the policy limits of One Hundred Thousand Dollars ($100,000.00). My client is willing to accept the sum of One Hundred Thousand Dollars ($100,000.00) for full and final settlement of her claims against Mr. Cobett in order to bring this matter to a fair and amicable conclusion without the necessity of incurring attorney fees and expenses associated with trial.
The above offer is made with the intention to allow Mr. Cobett the opportunity to avoid any personal financial risk in excess of liability coverage. Allstate's evaluation of this claim at zero ($0) is totally unrealistic as of this date and such an approach clearly constitutes bad faith. Despite Allstate's refusal to make a good faith effort to settle this claim, my client continues to remain open to a fair and reasonable settlement.
If this approach continues up until the trial, however, and my client obtains a jury verdict in excess of Allstate's current offer of zero ($0), which we reasonably anticipate, then we will apply to the Court for pre-judgment interest as provided by the Ohio Revised Code.
Plaintiff's Exhibit 6.
 {¶ 20} On the day of trial, the parties met in chambers with the trial judge. The parties had stipulated to defendant's liability and agreed that proximate cause and plaintiff's damages were the only issues left for trial. In chambers, settlement was discussed and defense counsel admitted that Allstate had "never looked at the case" and, therefore, there was no settlement offer to be made. Tr. 21. That same afternoon, the adjuster performed her first settlement assessment of the case. She admitted, however, that when she was calculating the settlement value of the case, she had received only a portion of plaintiff's medical bills[7] from defense counsel. She further admitted that she did not have any documentation of plaintiff's lost wages[8] nor was she aware that $25,000.00 was estimated for a future surgery. The next day, Allstate offered $12,500.00 to settle the case. Plaintiff rejected the offer and proceeded to trial. Defendant did not offer any rebuttal evidence at the prejudgment hearing.
 {¶ 21} We reject defendant's argument that it could not evaluate the settlement value of the case until mid to late September 2003 when it received plaintiff's treating physicians' reports. The record shows that defendant's $12,500.00 settlement offer was not made until the day of trial, almost one month after it had received the doctors' reports that fully disclosed the amount of plaintiff's damages. The counsel Allstate appointed for defendant was aware of the amount of plaintiff's medical expenses, lost wages, and other losses before trial, yet the record demonstrates that Allstate's adjuster never received any of this information.
 {¶ 22} In reviewing the facts and record of the instant matter, we conclude that defendant did not make a good faith effort to settle the case at any time before the jury rendered its verdict. There is substantial evidence that defendant failed to rationally or timely evaluate its risks and potential liability. Without casting blame on any one person, it is clear that Allstate, regardless of what its agents were doing or failing to do, maintained the responsiblity to make a good faith monetary settlement offer. On the facts of this case, Allstate's offer of $12,500.00 was not a good faith offer. Accordingly, the trial court did not abuse its discretion in granting plaintiff's motion for prejudgment interest.
 {¶ 23} Finally, we reject defendant's argument that the trial court erred in determining August 10, 2000, when plaintiff filed her first complaint, as the date her prejudgment interest began to accrue.
 {¶ 24} The Ohio Supreme Court has explained the mandatory effect of R.C. 1343.03(C):
The provision of R.C. 1343.03(C) that a prejudgment interest award begins to run on the date the cause of action accrued is mandatory; a trial court may not adjust the date the award begins to run for equitable reasons.
 {¶ 25} Musisca v. Massillon Community Hosp. (1994),69 Ohio St.3d 673, 635 N.E.2d 358, at syllabus. Under Musisca, the determination as to when an award of prejudgment interest begins to run is not discretionary.
 {¶ 26} Accordingly, the trial court in this case did not err in using August 10, 2000, the date of plaintiff's accident, as the accrual date for her award of prejudgment interest.
 {¶ 27} Defendant's Assignments of Error I and II are overruled. Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J.*, and Sweeney, J., concur.
*SITTING BY ASSIGNMENT: JUDGE JAMES D. SWEENEY, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] Wayne Cashin alleged loss of his wife's consortium.
[2] Case No. 427472.
[3] Case No. 477515, which is the subject of this appeal.
[4] Because both assignments of error invoke common questions of law and fact, they are addressed together.
[5] Section (A) of the statute, on the other hand, applies to breach of contract claims. "Unlike R.C. 1343.03(C), which grants the trial court discretion in deciding whether to award prejudgment interest in tortious conduct cases, R.C. 1343.03(A) mandates a prejudgment interest award unless the aggrieved party has already been fully compensated." Evans v. Dayton Power Light Co., Adams App. No. 03CA763, 2004-Ohio-2183, at ¶ 71.
[6] The record establishes that plaintiff was willing to accept the limits of Allstate's policy and then to pursue additional amounts later under her own policy with Erie Insurance Co. for underinsured coverage.
[7] Those bills totaled $5,201.00.
[8] At the time, those wages amounted to approximately $56,000.00. See Singfield deposition at 48.