{¶ 13} I respectfully dissent from the majority opinion.
 {¶ 14} The majority finds significance in the following facts: neither plaintiff nor the other driver were given traffic citations because neither vehicle had heavy damage, plaintiff's vehicle was not moving when it was hit, the other driver was traveling only five m.p.h., and plaintiff stated that "she was fine" and that the impact was "nothing really." Majority Opinion, at 4. The majority also finds relevance in plaintiff's property damage being less than $1,000 and that she had a preexisting degenerative disc disease before the accident.
 {¶ 15} The majority, however, ignores facts relevant to plaintiff's motion for prejudgment interest. Those facts are as follows:
1. Defendant admitted liability;[1]
2. Allstate's second and final settlement offer of $1,500 was made approximately one year before trial;
3. Allstate never sent an adjuster to any pretrial either before or after its $1,500 offer;
4. Plaintiff received a $17,500 arbitration award, which Allstate appealed;
5. After the arbitration, plaintiff bid against herself two more times by going from $17,500 down to $15,000 to settle the case;
6. Allstate never responded to either the $17,500 or the $15,000 demand;
7. Plaintiff's injuries and her $7,000 in medical expenses were never disputed by a defense medical expert;[2]
8. The jury awarded plaintiff $10,000.
 {¶ 16} As observed in Bailey v. Container Corp. of Am.,
(N.D. Ohio 1986), 660 F.Supp. 1048:
* * * [T]he Ohio Supreme Court has affirmed the broad discretion of the trial court to award prejudgment interest, and has stated that an appellee's perfunctory rejection or absurdly low response to an offer is a sufficient basis upon which the trial court could award prejudgment interest under § 1343.03(C).
Id., at 1055, 1057. See also Cashin v. Cobett, Cuyahoga App. No. 84475, 2005-Ohio-102,[3] at ¶ 19 and ¶ 20.
 {¶ 17} From the undisputed facts in this case, there is substantial evidence that defendant failed to reasonably evaluate its risks and potential liability in this case, especially in light of its decision not to present any expert medical testimony on the issue of causation or damages. Defendant's defense theory that this was a minor impact case does not justify its decision not to present any expert testimony. This is especially true because there is evidence that the parties disputed the force of the impact. The issue of impact, moreover, has minimal importance without any medical evidence whatsoever refuting that the accident aggravated plaintiff's condition and with the defense stipulating to the medical bills. See, plaintiff's Motion for Prejudgment Interest and Defendant's Brief in Opposition, generally.
 {¶ 18} In light of the record in this case, Allstate's $1,500 settlement offer was disproportionately low when compared to undisputed medical bills alone of $7,000. I would grant plaintiff's request for prejudgment interest and I would do so without a hearing because the pertinent facts in this case are unchallenged and, therefore, plaintiff's motion is obviously "well taken." Augustine, ante. At a minimum, however, I would remand this matter for a hearing on plaintiff's motion for prejudgment interest.
[1] Though defendant admitted hitting plaintiff's vehicle, she disputed the issues of proximate cause and damages. Defendant's Trial Brief, at 2.
[2] In her trial brief, defendant did not list any expert medical witness. Even though defendant argued that plaintiff's pre-existing degenerative disc disease was not caused by the motor vehicle accident in this case, she did not present any expert testimony to refute that the accident aggravated her condition.
[3] Cause dismissed upon appellant's motion, Cashin v.Cobett, 2005-Ohio-1639.