RADOVANIC et al., Appellees,

v.

COSSLER et al., Appellants.

[Cite as *Radovanic v. Cossler* (2000), 140 Ohio App.3d 208.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77586.

Decided Oct. 30, 2000.

**210**

*Kampinski & Mellino Co., L.P.A., Charles Kampinski, Christopher M. Mellino* and *Laurel A. Matthews,* for appellees.

*Gallagher, Sharp, Fulton & Norman, Alan Petrov* and *Timothy J. Fitzgerald,* for appellant American Continental Insurance Company.

*Hanna, Campbell & Powell* and *David J. Hanna,* for appellant Mednet Physicians, Inc.

*Anna M. Carulas,* for appellee Dr. Maryann.

JAMES D. SWEENEY, Judge.

Defendants-appellants appeal from the trial court's decision requiring the production of the insurance claims file to the plaintiffs-appellees Rita Radovanic and Richard Radovanic. The underlying malpractice action filed against the appellants by appellees was tried to a jury, who returned a verdict in favor of Rita Radovanic for the sum of $3,895,740 and for Richard Radovanic for the sum of $394,800. The appellants failed to timely diagnose Mrs. Radovanic's uterine cancer.

■ The appellees have filed with this court a motion to dismiss the appeal for lack of a final appealable order. To resolve this motion, this court must first note that an order may be final if it comports with R.C. 2505.02. The sections of the statute pertinent to this appeal read as follows:

"(A) As used in this section:

"* * *

"(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"* * *

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

The appellants assert that there is a final appealable order under (A)(3) because privileged information is considered provisional remedy, and the order is appealable because it meets the standards in (B)(4)(a) and (b). While no case directly on point was located, the appellants appear to be correct, see *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 739 N.E.2d 840, where this court considered an issue of privilege in an interlocutory appeal.

This court concurs with the appellants' analysis and denies the appellees' motion to dismiss this appeal.

Turning to the merits of the case, the record reveals that on the day the verdict was rendered, the appellees filed a motion for prejudgment interest on the jury's verdict. The trial court conducted an in camera inspection of the claims file of American Continental Insurance Company ("ACIC") and, subsequent to the in camera inspection and redaction of portions of the documents, ordered that the file be disclosed to the appellees in discovery. Specifically, on January 28, 2000, the court ordered the disclosure of documents numbered 000001 through 000128. On February 16, 2000, the court ordered a stay of the distribution of documents. In this order, the court noted that the appellants had already produced documents numbered 000037-000042; 000047; 000050-000123. The documents not produced by the appellants are numbered: 000001-000035; 000043-000046; 000048-000049; 000124-000128. The court then withheld ruling on the motion for prejudgment interest until this court ruled on the appellants' appeal of the order requiring production of the documents. This court notes that document 00036 was also withheld from the appellees.

The appellants set forth one assignment of error:

"The trial court erred when it ordered production to plaintiffs' counsel of privileged materials from the claim file of defendant's insurer which 'go directly to the theory of defense' in connection with plaintiffs' motion for prejudgment interest."

The appellants argue that the appellees are not entitled to discover materials in an insurer's claim file if the contents are protected by the attorney-client privilege. The appellants further assert that it withheld certain documents from the appellees because those documents are subject to the attorney-client privilege and that they go directly to the defense of the underlying case.

The parameters for awarding prejudgment interest in a case such as this one are set forth in R.C. 1343.03(C):

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

 Where a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary. *Musisca v. Massillon Community Hosp.* (1994), 69 Ohio St.3d 673, 635 N.E.2d 358. What is discretionary with the trial court is the determination of lack of good faith. *Id.* at

676, 635 N.E.2d at 360. The standard of review of the trial court's decision regarding lack of good faith is one of abuse of discretion. See, generally, *Scioto Mem. Hosp. Assn., Inc. v. Price Waterhouse* (1996), 74 Ohio St.3d 474, 659 N.E.2d 1268.

█ In addition, it is settled that a trial court has broad discretion in controlling the discovery process. *Feichtner v. Cleveland* (1994), 95 Ohio App.3d 388, 642 N.E.2d 657, citing *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902. Absent an abuse of discretion, an appellate court may not overturn the trial court's ruling on discovery matters. *Feichtner*, citing *Vinci v. Ceraolo* (1992), 79 Ohio App.3d 640, 607 N.E.2d 1079.

█ When considering pretrial discovery, this court has held that an in camera review by the trial court is reviewed under an abuse-of-discretion standard. *Wall v. Ohio Permanente Med. Group, Inc.* (1997), 119 Ohio App.3d 654, 695 N.E.2d 1233. See, also, *State ex rel. Martin v. Cleveland* (1993), 67 Ohio St.3d 155, 616 N.E.2d 886, where the Supreme Court considered the decision of the court of appeals to exempt documents from public release. The court held that reversal of the factual determinations of the appellate court relative to disclosure made during an in camera review would be inappropriate absent an abuse of discretion.

█ It is of interest to note that regulation of pretrial discovery matters concerning privilege are also governed by an abuse-of-discretion standard. See *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 739 N.E.2d 840 (attorney-client privilege); *State ex rel. Shelton v. Firemen & Policemen's Death Benefit Fund* (1997), 125 Ohio App.3d 559, 709 N.E.2d 182; *Kalb v. Morehead* (May 19, 1998), Scioto App. No. 97CA2499, unreported, 1998 WL 254028 (medical privilege); *State Farm Mut. Ins. Co. v. Grange Mut. Cas. Co.* (Dec. 30, 1996), Warren App. No. CA96–05–040, unreported, 1996 WL 740814 (claims file); *Witt v. Fairfield Pub. School Dist.* (Apr. 22, 1996), Butler App. No. CA95–10–169, unreported, 1996 WL 189040 (attorney-client).

█ While cases directly on point were not found, the determination of the admissibility of documents in the claims file for purposes of prejudgment interest may be considered under the abuse-of-discretion standard. Since the trial court presided over the trial and listened to the evidence, it is the trial court that is in the best position to determine what evidence was relevant and related to the defense presented by the appellants.

The Supreme Court discussed the issue of disclosure of the claims file upon a motion for prejudgment interest in *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918. In *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, the court cited and expanded upon its earlier

opinion in *Peyko, supra.* The third paragraph of the syllabus of *Moskovitz* speaks directly to the issue of discoverability of the claims file:

"In an R.C. 1343.03(C) proceeding for prejudgment interest, neither the attorney-client privilege nor the so-called work product exception precludes discovery of the contents of an insurer's claims file. The only privileged matters contained in the file are those that go directly to the theory of defense of the underlying case in which the decision or verdict has been rendered."

Even more instructive is the body of *Moskovitz* opinion, where the court held that without question, one of the most difficult problems in a proceeding for prejudgment interest is the scope of discovery available. The court held:

"In *Peyko, supra,* 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, paragraphs one and two of the syllabus, this court held that:

" '1. When a plaintiff, having obtained a judgment against a defendant, files a motion for prejudgment interest on the amount of that judgment pursuant to R.C. 1343.03(C), the plaintiff, upon a showing of "good cause" pursuant to Civ.R. 26(B)(3), may have access through discovery to those portions of the defendant's insurer's "claims file" that are not shown by the defense to be privileged attorney-client communications.

" '2. If the defense asserts the attorney-client privilege with regard to the contents of the 'claims file,' the trial court shall determine by in camera inspection which portions of the file, if any, are so privileged. The plaintiff then shall be granted access to the non-privileged portions of the file.'

"*Peyko* establishes that any determination regarding a party's good faith effort to settle requires a review of the settlement efforts made by a party's insurance carrier(s). *Id.* at 166–167, 25 OBR at 209, 495 N.E.2d at 921. Most of the information regarding the insurer's efforts will be contained in the claims file. In this regard, Peyko clearly recognizes that a post-trial proceeding for prejudgment interest is amenable to the general discovery process established by the Civil Rules. * * *

" * * *

"However, *Peyko* provides little guidance on the ultimate question: What is a privileged communication between an attorney and a client? We must look to the purposes of R.C. 1343.03(C), 2317.02 and Civ.R. 26 to provide the answer.

"The attorney-client privilege has ancient roots. The history of the privilege can be traced back at least as far as the reign of Elizabeth I, where the privilege was already well established. See 8 Wigmore, Evidence (McNaughton Rev.1961), Section 2290. See, also, *Spitzer v. Stillings* (1924), 109 Ohio St. 297, 142 N.E.

365. In the modern law, the privilege is founded on the premise that confidences shared in the attorney-client relationship are to remain confidential. Only in this manner can there be freedom from apprehension in the client's consultation with his or her legal advisor. Wigmore, *supra*, at Section 2291. However, the privilege is not absolute. That is to say, the mere relation of attorney and client does not raise a presumption of confidentiality of all communications made between them. *Id.* at Section 2311. Moreover, it is beyond contradiction that the privilege does not attach in a situation where the advice sought by the client and conveyed by the attorney relates to some future unlawful or fraudulent transaction. Advice sought and rendered in this regard is not worthy of protection, and the principles upon which the attorney-client privilege is founded do not dictate otherwise. See Wigmore, *supra*, at Section 2298. See, also, *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 6 OBR 324, 452 N.E.2d 1304, wherein Judge (now Justice) Alice Robie Resnick, writing for this court, found that the attorney-client privilege exists to aid in the administration of justice and must yield in circumstances where justice so requires.

"With these principles in mind, it is clear that statements, memoranda, documents, etc. generated in an attorney-client relationship tending to establish the failure of a party or an insurer to make a good faith effort to settle a case contrary to the purposes of R.C. 1343.03(C) are not protected from discovery in an R.C. 1343.03(C) proceeding for prejudgment interest. Stated otherwise, if, through the lack of a good faith effort to settle, the purposes of R.C. 1343.03(C) have been thwarted by a party and/or the attorneys involved in the case, a search for the truth of that fact cannot be hindered by claims of attorney-client privilege. Documents and other things showing the lack of a good faith effort to settle by a party or the attorneys acting on his or her behalf are wholly unworthy of the protections afforded by any claimed privilege.

"As we have stated, the purpose of R.C. 1343.03(C) is to encourage good faith efforts to settle a case outside the trial setting. The focus of an R.C. 1343.03(C) post-trial hearing for prejudgment interest must be the pretrial settlement efforts made between the plaintiffs and defendants and/or their insurers. Often, the only way for a party to prove another party's failure to make a good faith effort to settle is by obtaining the claims file of an insurer. However, the attempt to do so is often met by defense objections to the discoverability of matters contained within the file on the basis of work product or attorney-client privilege. If access to the file or matters contained therein is denied on the basis of privilege, the hearing required under R.C. 1343.03(C) may amount to nothing less than a retrial of the entire case. * * *

"The purpose of Civ.R. 26 is to provide a party with the right to discover all relevant matters, not privileged, that are pertinent to the subject of the pending

proceeding. Civ.R. 26(B)(1). As indicated, in some cases, nothing is more relevant in an R.C. 1343.03(C) proceeding than the claims file of an insurer. The file may contain memoranda or other relevant matters which establish the lack of a good faith effort to settle. At the same time, the matters contained within the file may be privileged work product or attorney-client communications, beyond the scope of discovery.

"The time has come for this court to define what is and is not a privileged communication in an insurer's claims file for purposes of discovery in an R.C. 1343.03(C) proceeding for prejudgment interest. In our judgment, only those attorney-client communications contained in an insurer's claims file that go directly to the theory of defense are to be excluded from discovery. To hold otherwise would be to undermine the entire purpose of a hearing on the issue of prejudgment interest, *i.e.*, to ascertain the truth regarding good faith efforts to settle. Civ.R. 26(B)(3) provides, in part, that 'a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor.' In a prejudgment interest proceeding, the good-cause requirement of Civ.R. 26(B)(3) is that which is appropriate to effectuate the General Assembly's purposes of enacting R.C. 1343.03(C)—to encourage and bring about settlements.

"In our continuing efforts to provide guidance to the bench and bar on difficult and pressing issues, we hold that in an R.C. 1343.03(C) proceeding for prejudgment interest, neither the attorney-client privilege nor the so-called work product exception precludes discovery of an insurer's claims file. The only privileged matters contained in the file are those that go directly to the theory of defense of the underlying case in which the decision or verdict has been rendered. Additionally, on occasion, this rule might also apply to the file of a party's attorney." (Footnote and emphasis omitted.) *Id.*, 69 Ohio St.3d at 660–663, 635 N.E.2d at 348–350.

Thus, the Supreme Court has essentially found that otherwise privileged documents may lose their privilege for purposes of prejudgment interest discovery.

In the case *sub judice*, the trial court ordered the entire claims file disclosed after its in camera inspection and redaction of certain portions of the file. There is an array of documents in the packet produced for in camera inspection: a portion of the documentation includes a sketch of Mrs. Radovanic's medical history; evaluations by physicians; analysis of the credibility of witnesses; comments regarding the likelihood of success on the merits; and there are comments on the interaction between the defendants. This type of documen-

tation does not go directly to the defense of the case; rather, the documents are the type of documents needed to indicate whether or not prejudgment interest is warranted.

Finally, this court notes that counsel for appellants conceded at oral argument that the trial court redacted certain information from the claims file as there are documents in the file with portions missing. Also, the trial court did not order the appellants to disclose the attorney's file to the appellees. These circumstances indicate that the trial court did not willy-nilly order the insurance file disclosed but rather exercised its discretion in determining that sections of the file were discoverable under *Peyko, supra,* and *Moskovitz, supra.* This court finds that the trial court did not abuse its discretion.

The appellants' assignment of error is overruled.

*Judgment affirmed.*

KILBANE and PORTER, JJ., concur.