[Cite as *Li v. Olympic Steel, Inc.*, 2012-Ohio-603.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97286**

## SHIRLEY LI

PLAINTIFF-APPELLEE

vs.

## OLYMPIC STEEL, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-740817

**BEFORE:** Cooney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**ATTORNEYS FOR APPELLANT**

Steven M. Moss
Patrick O. Peters
Robert A. Zimmerman
Benesch, Friedlander, Coplan & Aronoff
200 Public Square
Suite 2300
Cleveland, Ohio 44114-2378


**ATTORNEYS FOR APPELLEE**

Peter Hardin-Levine
J. Matthew Linehan
Christopher P. Thorman
Thorman & Hardin-Levine Co., LPA
1220 West Sixth Street, Suite 207
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Olympic Steel, Inc. ("Olympic"), appeals the trial court's denial of its motion for a protective order. Finding no merit to the appeal, we affirm.

{¶2} In November 2010, plaintiff-appellee, Shirley Li ("Li"), filed suit against her former employer, Olympic, alleging discrimination and retaliation in connection with

her termination. Discovery proceeded during which Li sought to depose Olympic's corporate representative in connection with the documents she requested, suggesting that some of the documents had been altered or destroyed. Olympic filed a motion for a protective order, arguing that any deposition of its representative in relation to these documents was improper because it would violate attorney-client privilege and the attorney work-product doctrine.

{¶3} After a teleconference, the trial court denied Olympic's motion without opinion. The deposition was scheduled and a representative from Olympic appeared. At the start of the deposition, counsel for Olympic renewed its objection but the deposition continued. However, during the deposition, counsel for Olympic refused to continue due to alleged inaccuracies in the representative's testimony.

{¶4} Olympic now appeals the trial court's denial of its motion for a protective order.

{¶5} In its sole assignment of error, Olympic argues that the trial court erred in denying its motion for a protective order, arguing that Li's request violates attorney-client privilege and the attorney work-product doctrine.

{¶6} It is well settled that the trial court enjoys considerable discretion in the regulation of discovery. *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 668, 591 N.E.2d 752 (9th Dist.1990). We review the trial court's decision to deny a motion for a protective order for an abuse of discretion. *Mauzy v. Kelly Servs., Inc.*, 75

Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996). Despite Olympic's contention that a de novo review applies, this court has previously found that "[p]retrial discovery orders pertaining to the issue of privilege are likewise reviewed for an abuse of discretion." *Smalley v. Friedman, Domiano & Smith, Co. LPA*, 8th Dist. No. 83636, 2004-Ohio-2351, citing *Abbuhl v. Orange Village*, 8th Dist. No. 82203, 2003-Ohio-4662, citing *Radovanic v. Cossler*, 140 Ohio App.3d 208, 213, 746 N.E.2d 1184 (8th Dist.2000); *see also Lightbody v. Rust*, 137 Ohio App.3d 658, 739 N.E.2d 840 (8th Dist.2000).

**{¶7}** The term "abuse of discretion" connotes more than an error of judgment; it implies that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. *Id.*

**{¶8}** Civ.R. 26(C) governs protective orders and provides, in pertinent part, that:

> Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: * * * that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. Civ.R. 26(C)(7).

{¶9} The burden of showing that testimony or documents are confidential or privileged rests with the party seeking to exclude it. *Covington v. The MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 24 (10th Dist.), citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 263-264, 452 N.E.2d 1304 (1983).

{¶10} The attorney-client privilege exempts from discovery certain communications between attorneys and their clients in the course of seeking or rendering legal advice. *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154 (2001). The privilege is founded on the premise that confidences shared in the attorney-client relationship are to remain confidential. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 660, 635 N.E.2d 331 (1994). The privilege is not absolute, and there is no presumption of confidentiality of all communications made between an attorney and client. *Id.* at 660-661. The determination whether a communication should be afforded the cloak of the privilege depends on the circumstances of each case, and the privilege must yield when justice so requires. *Lemley*, 6 Ohio St.3d 258, 264, 452 N.E.2d 1304 (1983). As the Ohio Supreme Court stated in *Boone*:

> Work product consists of "documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" and may be discovered only upon a showing of good cause. Civ.R. 26(B)(3). * * * The purpose of the work-product doctrine is "to prevent an attorney from taking undue advantage of his adversary's industry or efforts." *Boone* at fn. 2, quoting Civ.R. 26; *see also Sutton v. Stevens Painton Corp.*, 193 Ohio App.3d 68, 2011-Ohio-841, 951 N.E.2d 91, ¶ 25 (8th Dist.).

**{¶11}** Work product that reveals the mental impressions and legal theories of a lawyer are afforded protection except in rare situations in which the attorney has engaged in illegal conduct. *See Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Baker v. Gen. Motors Corp.*, 209 F.3d 1051 (8th Cir.2000); *State v. Hoop*, 134 Ohio App.3d 627, 731 N.E.2d 1177 (12th Dist.1987). However, "ordinary fact" or "unprivileged fact" work product, such as witness statements and underlying facts, receives lesser protection. *Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir.1986).

**{¶12}** Olympic argues that its representative would divulge attorney-client communications if he were to be deposed regarding the documents Li seeks to investigate. Olympic argues that the corporate representative compiled the documents at the instruction of counsel. Li argues that the documents at issue are not ones created by Olympic's counsel, but rather created by Olympic employees in the course of regular business, and that they have already been given to her in the course of discovery. Li points out that Olympic did not object to the actual documents being produced in the course of discovery. Li also contends that by deposing the corporate representative, she would not be questioning him regarding the subject matter of the documents, but about the way in which the documents were collected and produced, and thus the work-product doctrine would not apply.

{¶13}   After a thorough review of the record, Olympic has failed to rebut Li's arguments and has failed to set forth any evidence to show that testimony from the corporate representative regarding the way in which the documents were produced would violate Olympic's privilege with its counsel.

{¶14}   Assuming arguendo that Olympic has met its burden of showing that the testimony would be privileged, the trial court still had the discretion to allow the deposition because "[w]ritten or oral information transmitted to the lawyer and recorded as conveyed may be compelled upon a showing of 'good cause' by the subpoenaing party." *Jerome v. A-Best Prods. Co.*, 8th Dist. Nos. 79139–79142, 2002-Ohio-1824, citing *Hickman v. Taylor*, 329 U.S. 495, 510-512, 67 S.Ct. 385, 91 L.Ed. 451 (1946). "Good cause," defined by Civ.R. 26(B)(3), requires a showing of substantial need, that the information is important in the preparation of the party's case, and that there is an inability or difficulty in obtaining the information without undue hardship. *See Hoop*, 134 Ohio App.3d at 642, 731 N.E.2d 1177; *see also Upjohn Co.*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584.

{¶15}   The record indicates that Li set forth good cause by alleging that Olympic and its counsel had altered hand-written notes made by Olympic employees. Li produced what she claims to be three different versions of the same document, created by Olympic and given to her during discovery. Li claims that the different versions prove

her allegation that key documents were altered by Olympic prior to delivery. This court, in *Jerome*, found that

> [t]he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into the facts underlying his opponent's case. * * * Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. *Jerome* at ¶ 21, quoting *Hickman*, 329 U.S. at 507, 67 S.Ct. 385.

{¶16} Not only has Olympic failed to meet their burden of demonstrating that a privilege existed, but Li has shown good cause. Therefore, we find no abuse of discretion in the trial court's denial of Olympic's motion for a protective order.

{¶17} Accordingly, the sole assignment of error is overruled.[1]

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[1] Olympic raised a new claim at oral argument that the trial court should have held a hearing on its motion. This issue was waived, however, because Olympic never requested a hearing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR