[Cite as *Brigadier Constr. Servs., L.L.C. v. JLP Glass Prods., Inc.*, 2013-Ohio-825.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98672

# BRIGADIER CONSTRUCTION SERVICES, L.L.C.

PLAINTIFF-APPELLEE

vs.

# JLP GLASS PRODUCTS, INC., ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734769

**BEFORE:** Blackmon, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**ATTORNEYS FOR APPELLANTS**

Harlan D. Karp
850 Euclid Avenue, Suite 1330
Cleveland, Ohio 44114

Eugene I. Selker
Mazanec, Raskin & Ryder Co.
100 Franklin's Row
34305 Solon Road, Suite 100
Solon, Ohio 44139

**ATTORNEYS FOR APPELLEE**

Debra J. Horn
Rachel L. Steinlage
Alan B. Dailide
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122

PATRICIA ANN BLACKMON, J.:

{¶1} Appellants JLP Glass Products, Inc. and James E. Ponyicky, Sr. (collectively "JLP Glass") appeal the trial court's decision granting partial summary judgment to Brigadier Construction Services, L.L.C. ("Brigadier"), and assign the following errors for our review:

**I. The trial court erred in failing to reconsider the grant of partial summary judgment where the settlement agreement (an instrument in writing) showed that Appellee 1) acknowledged receipt of the missing materials; 2) the 10 day time limitations period for return of materials had passed; and 3) noted the corporate status of JLP Glass Products Inc. Appellee attempted to satisfy its burden of production with an affidavit that contradicted the written terms of the settlement agreement and hence summary judgment should have been reconsidered and granted in favor of Appellants. In the alternative, if the above provisions of the Settlement Agreement were not dispositive, the conflicting affidavits of the parties showed genuine issues of material fact as to the return of materials and personal liability of Ponyicky and summary judgment was improper.**

**II. The trial court erred in finding that a notice of partial dismissal of Count III with prejudice under Civil Rule 41(A)(1)(a) distinguished *Pattison v. Grainger, Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276. Rather, a partial Civil Rule 41(A)(1) with or without prejudice remains a nullity when it fails to dismiss all claims against a party. Unilateral dismissals under Rule 41(A)(1)(a) are restricted by precedent and dismissal of partial claims and parties to individual counts must be by other rules requiring a court order or stipulation. Under precedent of this district, *Garber v. STS Concrete Co. L.L.C.*, 2011-Ohio-934, there was no final judgment on May 18, 2011 or July 5, 2012 in this case and as such because Rule 41(A)(1)(a) may not be used to sever portions of claims against a certain defendant.**

**III. The trial court abused its discretion in not granting a protective order from execution where there was no final judgment and reconsideration of partial summary judgment should have been granted.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** In November 2009, Brigadier subcontracted with JLP Glass to have the company furnish labor, materials, equipment, and supervision for the installation of panels and walls as part of the Louis Stokes Cleveland VA Medical Center construction project. On or about February 19, 2010, the parties terminated their relationship and entered into a formal settlement agreement ("Agreement"). Pursuant to the agreement, JLP Glass agreed to release all materials to Brigadier that was acquired for installation and stored in its warehouse under the subcontract agreement.

**{¶4}** On August 20, 2010, Brigadier filed a three-count complaint against JLP Glass, Ponyicky, who owned JLP Glass, and James Long, a JLP Glass employee, alleging breach of the Agreement (Counts I and II) and conversion (Count III) against all three parties. On January 28, 2011, Brigadier moved for summary judgment. The motion was unopposed; on April 26, 2011, the trial court granted the summary judgment motion as to Counts I and II, but denied the motion as to Count III.

**{¶5}** Subsequent to the trial court's partial denial of its motion for summary judgment, Brigadier moved to amend its complaint to amend Counts I and II to name just JLP Glass and Ponyicky and to dismiss Count III. The trial court denied the motion. Brigadier then moved to dismiss Count III with prejudice pursuant to Civ.R. 41(A)(1)(a). On May 18, 2011, the trial court granted the motion to dismiss Count III with prejudice.

**{¶6}** Thereafter, in May 2011, Brigadier began executing on the judgment against JLP Glass and in June through July 2011, garnished the bank accounts of JLP Glass, as well as Ponyicky's. On October 19, 2011, JLP Glass filed a motion for relief from judgment. Brigadier opposed the motion and on October 19, 2011, the trial court denied the motion without a hearing.

**{¶7}** Concurrent with its motion for relief from judgment, JLP Glass sought a protective order from a Civ.R. 69 debtor's examination. On November 4, 2011, the trial court denied the motion. JLP Glass timely appealed the trial court's decision.

**{¶8}** However, in *Brigadier Constr. Servs. LLC v. JLP Glass Prods.*, 8th Dist. No. 97624, 2012-Ohio-2314, we dismissed the appeal for lack of a final appealable order. There, we found that despite Brigadier's dismissal of Count III with prejudice, the claims against Long for breach of contract, contained in Counts I and II, remained pending, because the trial court had denied Brigadier's motion to amend the complaint.

**{¶9}** Following the dismissal, Brigadier filed a Civil Rule 41(a)(1)(a) notice of dismissal of Counts I and II against defendant Long. After the partial dismissal of Counts I and II, JLP Glass timely appealed.

### Final Judgment

**{¶10}** We begin with the second assigned error, wherein JLP Glass argues the underlying case did not become final and appealable despite Brigadier's dismissal of all claims against defendant Long.

**{¶11}** Pursuant to Civ.R. 41(A)(1)(a), a plaintiff "may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial." (Emphasis added.) The rule "does not allow for the dismissal of a portion of the claims against a certain defendant." *Pattison v. W.W. Grainger Inc.,* 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 18; *see also Dohme v. Eurand Am., Inc.*, 121 Ohio St.3d 277, 2009-Ohio-506, 903 N.E.2d 1174. ¶ 3.

**{¶12}** In the instant case, we originally dismissed the appeal for lack of a final appealable order because there were pending claims against defendant Long in Counts I and II, despite Brigadier having dismissed Count III with prejudice. Following our dismissal of the first appeal, Brigadier dismissed with prejudice all claims against defendant Long as contained in Counts I and II. Hence, we have jurisdiction over the matter. Accordingly, we overrule the second assigned error.

## Summary Judgment

**{¶13}** In the first assigned error, JLP Glass argues the trial court erred in failing to reconsider its decision granting partial summary judgment in favor of Brigadier on Counts I and II of the complaint.

**{¶14}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th

Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶15} Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶16} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

{¶17} Preliminarily, and as previously noted, JLP Glass did not oppose Brigadier's motion for summary judgment. In addition, JLP Glass did not file a direct appeal of the trial court's decision granting partial summary judgment in favor of Brigadier on Counts I and II.

{¶18} Instead, approximately five months later, after Brigadier began executing on the judgment and garnishing bank accounts, JLP Glass filed a motion for relief from judgment under Civ.R. 60(B). The trial court denied the motion without a hearing. As

previously stated, JLP Glass appealed and we dismissed for lack of a final appealable order.

{¶19}   Thereafter, post-dismissal motion practice resulted in a perfected appeal. JLP Glass again appeals, among other things, the trial court's denial of its motion for relief from judgment.

{¶20}   A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *TPI Asset Mgt., LLC v. Benjamin*, 10th Dist. No. 11AP-334, 2011-Ohio-6389, citing   *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).    The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Deutsche Bank Natl. Trust Co. v. Oyortey*, 10th Dist. No. 11AP-878, 2012-Ohio- 1616, citing   *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990).

{¶21}   In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Failure to prove any of the three is fatal to his motion.

{¶22} In the instant case, the thrust of JLP Glass's motion for relief from judgment is that the trial court should not have granted partial summary judgment on Counts I and II of Brigadier's complaint. However, we have repeatedly held that utilizing Civ.R. 60(B) to attack the grant of summary judgment, after having failed to oppose said motion or file a direct appeal, is not proper tactic. *See Garrett v. Gortz*, 8th Dist. No. 90625, 2008-Ohio-4369; *Blatt v. Meridia Health Sys.,* 8th Dist. No. 89074, 2008-Ohio-1818; and *Wilson v. Wilson*, 8th Dist. No. 86817, 2006-Ohio-4261.

{¶23} To rule in JLP Glass's favor after it failed to oppose summary judgment would undermine the purposes of both Civ.R. 56 and 60(B). *Harris v. Formica Corp.*, 8th Dist. No. 89536, 2008-Ohio-688, citing *Yoder v. Edwin Shaw Dev. Found.*, 9th Dist. No. CA 17417, 1996 Ohio App. LEXIS 1548 (April 17, 1996). *See also Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc.*, 16 Ohio App.3d 167, 168, 475 N.E.2d 133 (10th Dist.1984). Consequently, we find no abuse of discretion in the trial court's denial of JLP Glass's Civ.R. 60(B) motion for relief from judgment.

{¶24} Moreover, our review of JLP Glass's motion for relief from judgment indicates that the very averments contained therein, is exactly what should have been addressed in a motion in opposition to summary judgment, had they filed one. Specifically, JLP Glass alleged that Brigadier engaged in a fraud on the Court, because they had already received the materials and was seeking to obtain a double recovery.

Attached to the motion, was an affidavit from Ponyicky averring that they had turned over all the materials to Brigadier, whose agent signed a statement to that effect, and that the ten-day inspection period pursuant to the settlement agreement expired before Brigadier claimed not to have received the materials.

{¶25} Because the averments in Ponyicky's affidavits would have conflicted with Brigadier's claim of non-receipt of the materials, summary judgment would not have been proper. Unfortunately, JLP Glass failed to file a motion in opposition and thus cannot be afforded a second chance to oppose summary judgment. Therefore the trial court did not abuse its discretion in denying JLP Glass's motion for relief from judgment. Accordingly, we overrule the first assigned error.

## Protective Order

{¶26} In the third assigned error, JLP Glass argues the trial court erred in denying the motion, filed pursuant to Civ.R. 26(C), for a protective order to stay execution of the trial court's judgment.

{¶27} Civ.R. 26(C) governs protective orders and provides, in pertinent part, that:

**Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense \* \* \*.**

{¶28} A trial court's ruling concerning protective orders sought pursuant to Civ.R. 26(C), is reviewed under an abuse of discretion. *Li v. Olympic Steel, Inc.*, 8th Dist. No. 97286, 2012-Ohio-603.

**{¶29}** In the instant case, we find no abuse of discretion in the trial court's decision regarding JLP Glass's request for a protective order to stay execution of the garnishment of their bank accounts. As discussed earlier, JLP Glass never opposed Brigadier's motion and never filed a direct appeal of the partial grant of summary judgment.

**{¶30}** Further, JLP Glass waited five months to file a motion for relief from judgment, alleging what they should have alleged in a motion in opposition to Brigadier's motion for summary judgment. Under the circumstances, we find no abuse of discretion in the trial court's decision. Accordingly, we overrule the third assigned error.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR