[Cite as *Hines v. Firelands Regional Med. Ctr.*, 2019-Ohio-3927.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


Elaine Hines, Executrix of the Estate
of Peter Porter, Deceased

      Appellee

v.

Firelands Regional Medical Center, et al.

      Appellants

Court of Appeals No. E-19-007

Trial Court No.  2016 CV 0702


**DECISION AND JUDGMENT**

Decided:  September 27, 2019

* * * * *

Brenda M. Johnson, Jonathan D. Mester, and Jeffrey M. Heller, for
appellees.

Michael P. Murphy and Taylor C. Knight, for appellants.

* * * * *

**ZMUDA, J.**

**{¶ 1}** This is an appeal of a post-trial decision by the Erie County Court of
Common Pleas, ordering production of unredacted documents in proceedings for
prejudgment interest.  Finding no error, we affirm.

## I. Background and Procedure

{¶ 2} The narrow issue on appeal concerns a discovery dispute in post-verdict proceedings for prejudgment interest. The underlying action, a medical negligence and wrongful death action, ended in a jury verdict in favor of appellee, Elaine Hines, executrix of the estate of Peter Porter, and against appellants, Firelands Regional Medical Center and Firelands Regional Health System. The jury awarded appellee damages in the amount of $300,000, and that verdict was separately appealed.[1]

{¶ 3} On August 22, 2018, appellant filed a motion seeking prejudgment interest, pursuant to R.C. 1343.03(C), and on September 18, 2018, we remanded the matter in the first appeal for determination of that motion. The parties participated in discovery, pertinent to the pending motion. A dispute arose, therein, resulting in appellee filing a motion to compel and appellants filing a motion for protective order.

{¶ 4} At issue, in the discovery dispute, was production of appellants' entire attorney file and claims file and deposition of appellants' trial counsel and the client representative. Appellants objected to producing information protected by attorney-client privilege in prejudgment interest proceedings, arguing some of the information requested was privileged and not discoverable, or the information would reveal appellants' litigation strategy. Appellants served a redacted copy of the claims file on appellee, containing over 900 pages of documents, with their motion for protective order.

---

[1] *See Hines v. Firelands Regional Med. Ctr.,* 6th Dist. Erie No. E-18-051.

2.

{¶ 5} On November 28, 2018, the trial court sustained appellants' objection to producing their attorney file and to deposition of trial counsel. However, the trial court ordered appellants to make their client representative, Amy Bohn-Green, available for deposition. As to the claims file, the trial court ordered appellants to produce all non-privileged documents and to submit the disputed documents, without redactions, for an in camera inspection, accompanied by a privilege log "identifying which documents it claims **directly** involve the [appellants'] theory of defense[.]"[2] (Emphasis sic.).

{¶ 6} After in camera review, the trial court entered judgment regarding appellants' objections based on privilege. The trial court sustained all objections, with the exception of two pages within one document, a letter from trial counsel to Bohn-Green regarding initial litigation, identified in the record as claims file Nos. 00015 and 00016. Of all the disputed documents, the trial court ordered only these two pages produced in unredacted form to appellee, finding these pages did not directly involve trial counsel's theory of defense in the underlying suit. From this decision, appellants bring the present appeal, asserting the following assignment of error:

---

[2] In a subsequent entry, on December 3, 2018, the trial court determined it needed a complete, unredacted copy of appellants' entire claims file to determine whether the disputed portions were discoverable pursuant to *Moskovitz.* Appellants then submitted the entire, unredacted claims file to the trial court.

3.

The Trial Court erred in ruling Appellants are required to disclose an unredacted copy of the Initial Litigation Plan prepared by defense counsel as said document directly involves defense counsel's theory of defense.[3]

## II. Analysis

**{¶ 7}** Generally, we review a ruling on a discovery dispute for abuse of discretion. *Al-Fayez v. Baycliffs Homeowners Assoc., Inc.,* 123 N.E.3d 351, 2018-Ohio-4542, ¶ 15 (6th Dist.), citing *Randall v. Cantwell Mach. Co.,* 10th Dist. Franklin No. 12AP-786, 2013-Ohio-2744, ¶ 11 (additional citation omitted.). With respect to a claim of privilege, however, the proper standard of review turns on whether the claim "presents a question of law or a question of fact." *Al-Fayez* at ¶ 15, citing *Randall* at ¶ 9.

**{¶ 8}** If the claim of privilege presents factual questions, "such as whether an attorney-client relationship existed, an abuse of discretion standard applies." *Id.* at ¶ 15, quoting *Randall* at ¶ 9. If the privilege presents a legal question, however, requiring interpretation and application of the law our review is de novo. *Al-Fayez* at ¶ 15, quoting *Randall* at ¶ 9; *see also Ward v. Summa Health Sys.,* 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶13.

**{¶ 9}** In this case, the parties dispute the parameters in applying the ruling in *Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 635 N.E.2d 331 (1994), and in

---

[3] Appellants did not submit copies of the disputed discovery with their appeal. On August 21, 2019, we noted the lack of documents in the present appeal, and ordered the clerk to file a supplemental record, containing all of the documents submitted for in camera review as referenced by the trial court in its decision. On August 28, 2019, the clerk filed the supplemental record, under seal, for our review.

4.

particular, the scope of the limitations to discovery in an R.C. 1343.03(C) proceeding for prejudgment interest. Accordingly, as the issue is one of law, and not fact, we review the trial court's ruling de novo. *Al-Fayez* at ¶ 15

{¶ 10} In *Moskovitz,* the Ohio Supreme Court considered the issue of privilege, applicable to prejudgment interest proceedings, and held:

> In an R.C. 1343.03(C) proceeding for prejudgment interest, neither the attorney-client privilege nor the so-called work product exception precludes discovery of the contents of an insurer's claims file. The only privileged matters contained in the file are those that go directly to the theory of defense of the underlying case in which the decision or verdict has been rendered. *Moskovitz* at paragraph three of the syllabus.

{¶ 11} The trial court reviewed the disputed documents, in camera, and sustained all objections with the exception of two pages of a letter authored by trial counsel to appellants' representative, and characterized as the "initial litigation plan." These two pages, appellants argue, pertain to the theory of their defense in the underlying case, and therefore, the information is specifically excepted from discoverable claims file information. Appellants also argue that the 2007 amendments to the privilege statute, R.C. 2317.02, was intended to limit the holding in *Moskovitz* and protect documents from discovery based on attorney-client privilege. Finally, appellants argue that *Moskovitz* did not eliminate the "good cause" requirement, and they assert that appellee failed to demonstrate good cause.

5.

{¶ 12} Appellee argues in favor of discoverability, asserting the redacted portions of the disputed document do not pertain to the theory of the defense, relying entirely on the trial court's determination. Additionally, appellee argues that the amendments to R.C. 2317.02 have nothing to do with the claims file, at issue in this case, and that they demonstrated the requisite good cause to overcome attorney-client privilege.

{¶ 13} Addressing these arguments in reverse, whether appellee demonstrated good cause is not the determinative issue. Good cause, pursuant to *Moskovitz,* is as follows:

> In a prejudgment interest proceeding, the good-cause requirement of Civ.R. 26(B)(3) is that which is appropriate to effectuate the General Assembly's purposes of enacting R.C. 1343.03(C)—to encourage and bring about settlements.
>
> In our continuing efforts to provide guidance to the bench and bar on difficult and pressing issues, we hold that in an R.C. 1343.03(C) proceeding for prejudgment interest, neither the attorney-client privilege nor the so-called work product exception precludes discovery of an insurer's claims file. *Moskovitz* at 662.

The amendment to the statute, moreover, has little bearing on discovery of a claims file in prejudgment interest proceedings under R.C. 1343.03(C), as noted by the Eleventh District Court of Appeals in *Cobb v. Shipman,* 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676, ¶ 64-66, citing *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.,* 127 Ohio St.3d 161, 2010–Ohio–4469, 937 N.E.2d 533, ¶ 30.

6.

In *Squire,* the supreme court reaffirmed *Moskovitz,* and held that the lack of good faith exception to attorney client privilege was still alive and well. "Because the attorney-client privilege does not apply when the client seeks to abuse the attorney-client relationship, the court in *Moskovitz* held that '[d]ocuments and other things showing the lack of a good faith effort to settle by a party of the attorneys acting on his or her behalf are wholly unworthy of the protections by any claimed privilege.'"

*Cobb* at ¶ 64, quoting *Squire* at ¶ 30. The only issue truly before the court, therefore, is whether the disputed discovery pertains to the theory of defense in the underlying case.[4]

{¶ 14} While there is little authority regarding the exact scope of discovery in prejudgment interest proceedings, courts have considered what does, and does not, "go directly to the theory of defense of the underlying case." In *Radovanic v. Cossler,* 140 Ohio App.3d 208, 216-217, 746 N.E.2d 1184 (8th Dist.2000), the Eighth District Court of Appeals considered this scope and found:

In the case sub judice, the trial court ordered the entire claims file disclosed after its in camera inspection and redaction of certain portions of the file. There is an array of documents in the packet produced for in camera inspection: a portion of the documentation includes a sketch of Mrs.

---

[4] The objections sustained by the trial court, related to other documents, have not been raised in this appeal and are not before the court.

7.

Radovanic's medical history; evaluations by physicians; analysis of the credibility of witnesses; comments regarding the likelihood of success on the merits; and there are comments on the interaction between the defendants. This type of documentation does not go directly to the defense of the case; rather, the documents are the type of documents needed to indicate whether or not prejudgment interest is warranted.

{¶ 15} In *Egleston v. Fell,* 6th Dist. Lucas No. L-95-127, 1996 WL 50161 (Feb. 9, 1996), we were asked to consider whether an order to disclose matters within a claims file in prejudgment interest proceedings was error. Based on our conclusion that the trial court erred in granting the motion for prejudgment interest, however, we found no prejudice regarding the discovery order, and determined that any error was harmless.

> [W]e need not determine whether the four interoffice communications amount to privileged matters under *Moskovitz* because Toledo Hospital suffered no prejudice. In fact, we find that such communications are evidence in support of the Toledo Hospital's arguments opposing the motion for prejudgment interest. Such communications reveal that Toledo Hospital's position has consistently been that the Egleston case had little merit, that it was weak and that liability exposure was slim. Therefore, we find that error, if any, committed by the trial court in ordering discovery of these communications was harmless.

*Elgeston* at *5.

8.

{¶ 16} R.C. 1343.03(C) provides for an award of prejudgment interest if a court determines, after the verdict, "that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case[.]" Relevant discovery, therefore, would relate to settlement efforts, or the lack of good faith settlement efforts based on the circumstances, as limited by *Moskovitz.*

{¶ 17} The disputed discovery, in this case, consists of two pages of a letter sent by trial counsel to appellants' representative, and includes counsel's initial assessment of liability, as well as an initial exposure analysis, indicating counsel's opinion on the potential highest possible verdict, considering the limited information collected to date. As indicated within this document, the parties were in the very beginning stages of litigation at the time, and had exchanged no discovery and taken no depositions. Appellants had identified experts, but had not yet submitted materials to these experts for an expert review and opinion. The letter pertains to early assessment and exposure considerations regarding appellee's claims, newly filed, with no information pertinent to a theory of defense for trial of appellee's claims. As such, the documents are relevant to determining whether or not prejudgment interest is warranted, and do not go directly to the appellants' defense of the case. *See Radovanic,* 140 Ohio App.3d at 216-217, 746 N.E.2d 1184.

{¶ 18} Upon review of the letter, we do not find that the redacted information contained within documents 00015 and 00016 related to the theory of defense in the

underlying action. Accordingly, the trial court did not err in ordering appellants to produce these documents, and appellants' sole assignment of error is not well-taken.

### III. Conclusion

{¶ 19} Upon due consideration, we affirm the judgment of the Erie County Court of Common Pleas. Appellants are assessed the costs pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                               JUDGE

Christine E. Mayle, P.J.      _____

Gene A. Zmuda, J.                          JUDGE
CONCUR.

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.